**No. 61245.**—The Lansdowne Distillery *v.* United States, protest 191189–K (Philadelphia).

RICHARDSON, Judge:   By this suit, plaintiff claims that the Government has assessed duty on too great a quantity of merchandise, in that it did not make an allowance in its liquidation for the loss of 657 bottles (131.4 wine gallons) of brandy while such merchandise was in the control and custody of the customs service.   It contends that duty cannot be lawfully assessed on this shortage under 19 U. S. C., § 1001, paragraph 813 (paragraph 813 of the Tariff Act of 1930, as amended by Public Law 612); and that the liquidation of the internal revenue tax on this shortage is likewise null and void under 26 U. S. C., § 2800 (a) (1).

Counsel have stipulated and agreed as follows:

It is hereby stipulated and agreed by and between counsel for the Plaintiff and the Assistant Attorney General for the United States, Defendant as follows:

(1) That the merchandise imported under Philadelphia warehouse entry 707 dated September 15, 1944 consists of 84 proof brandy in glass bottles of a kind subject to duty at $2.50 per wine gallon, Paragraph 802, Tariff Act of 1930 as modified by the Trade Agreements with France (T. D. 48316) and Argentina (T. D. 50504), and with taxes at $9.00 per wine gallon under Section 2800 of the Internal Revenue Code, and with duty at ⅛¢ per pound on the glass bottles under Paragraph 810 and Paragraph 217 of the Tariff Act of 1930 as modified by the Mexican Trade Agreement, T. D. 50797.

(2) That the consular invoices No. 339 dated July 1944 and No. 404 dated August 1944 covering the said brandy specified a quantity of 10,000 cases, (5,000 cases on each invoice) each case containing twelve bottles of brandy of one-fifth gallons each, a total of 24,000 wine gallons of brandy.

(3) That when the brandy in bottles covered by said Consular invoices 339 and 404 arrived in Philadelphia from abroad it was not entered for consumption by the Lansdowne Distillery, the consignee, but it was placed in a bonded warehouse in accordance with Section 557, Tariff Act of 1930.

(4) That when the brandy was unloaded from the importing vessel on 9/13/44 it was reported as being landed intact, but upon removal from the pier one case of 12 bottles of the brandy in bottles was reported as missing by the customs inspector and no duty and no tax was assessed upon any of the merchandise in said one missing case.   That at the pier and when said brandy in bottles was being placed in bonded trucks (during the period from 10/17/44 to 12/6/44) for transportation to the bonded warehouse, the inspector of customs at the pier reported (in addition to the above one case reported missing and on which no duty or tax was assessed) 613 bottles missing.   That 1081 cases of the 9999 cases of said brandy in bottles in bonded warehouse was repacked in bonded warehouse into cases of 12 bottles each, and the warehouse storekeeper reported on 2/14/45 at the time of repacking that 646 bottles of brandy were missing (613 bottles that the inspector reported plus 33 additional bottles).

(5) That the Lansdowne Distillery on Customs Form 7505 transferred to and authorized the Oregon Liquor Control Commission of Portland, Oregon to withdraw from warehouse, 10,000 cases containing 24,000 gallons of brandy as covered by said warehouse entry 707, which Customs Form 7505 was filed with

the Collector of Customs at Philadelphia on June 20, 1945 together with a bond on Customs Form 7555 under which the Oregon Liquor Control Commission of Portland appeared as principal, and the St. Paul-Mercury Indemnity Co., of St. Paul appeared as surety, which bond superseded the bond previously given by the Lansdowne Distillery. That said Customs Form 7505 and said bond on Customs Form 7555 may, with the consent of the court, be received into evidence.

(6) That the Oregon Liquor Control Commission of Portland, Oregon, arranged for the transportation of 9839 cases of brandy in bond in sealed railway cars, as authorized under Section 557, Tariff Act of 1930, under "withdrawal for transportation" number 01680, dated 6/20/45 to Portland, Oregon, and that upon arrival in Portland, Oregon, the customs inspector, prior to release from the transportation bond, and entry for consumption, reported an additional quantity of 11 bottles missing; the 646 bottles missing at Philadelphia and the 11 bottles missing at Oregon, making a total of 657 bottles missing, or a total of 131.4 missing wine gallons of brandy, and a total of 1013 pounds of missing glass bottles. Original withdrawal for transportation number 01680 may, with the consent of the court, be received into evidence.

(7) That all of the merchandise covered by consular invoices 339 and 404, from the time of its arrival on the importing vessel at Philadelphia until the time of its release at Portland, Oregon, was not released to any consignee or importer and remained continually in bond and under customs custody and control.

(8) That upon the liquidation of warehouse entry No. 707, on May 19, 1949, the Lansdowne Distillery was called upon to pay the following duties and taxes upon the said missing brandy in bottles which at no time was withdrawn for consumption:

(a) 131.4 wine gallons at $2.50 per gallon_____  $328. 50 (duty)
(b) 131.4 wine gallons at $9.00 per gallon_____  1, 182. 60 (tax)
(c) 1013 pounds of glass bottles at ⅙¢ lb_____  1. 69 (duty)

$1, 512. 79

(9) The above named protest is submitted for decision upon this stipulation.

(10) Neither the Plaintiff nor the Defendant believe that a brief will be of assistance to the court and no time for briefs is requested. However, both parties will be glad to file briefs should the court request the same.

Title 26 U. S. C., § 2800 (a) (1), provides that internal revenue tax shall be levied on imported distilled spirits "when withdrawn from bond." Any shortage from the entered quantity at the time of withdrawal for consumption cannot be taxed. *Louis T. Snow & Co.* v. *United States*, 21 Cust. Ct. 13, C. D. 1118; *United States* v. *R. C. Williams & Co., Inc.*, 40 C. C. P. A. (Customs) 130, C. A. D. 508.

Title 19 U. S. C., § 1001, paragraph 813 (paragraph 813 of the Tariff Act of 1930, as amended by Public Law 612), provides that "the duties imposed on beverages in this schedule which are subject also to internal revenue taxes shall be imposed only on the quantities subject to such taxes." The merchandise involved (brandy) is one of the beverages in the schedule. Since it was not subject to internal revenue taxes because it was missing at the time of withdrawal for consumption, this statute excluded it from customs duties. ". . . Congress by adopting Public Law 612 intended that the internal revenue tax, as well as duties, should be assessed and collected only on the quantity actually delivered to the importer." *United States* v. *R. C. Williams & Co., Inc.*, 40 C. C. P. A., 130, 136. *Austin, Nichols & Co., Inc.* v. *United States*, 22 Cust. Ct. 33, C. D. 1155.

In accordance with the stipulation of counsel that the merchandise involved, from the time of its arrival on the importing vessel at Philadelphia until the time of its release at Portland, Oreg., was not released to any consignee or importer and remained continually under bond and under customs custody and control; that such merchandise was found to be missing upon withdrawal for consumption in 1945; and that, upon liquidation on May 19, 1949, the importer, Lansdowne Distillery, was called upon to pay duties and taxes upon the said missing brandy

in bottles which at no time was withdrawn for consumption; and under the authority of 26 U. S. C., § 2800 (a) (1) and 19 U. S. C., § 1001, paragraph 813 (paragraph 813 of the Tariff Act of 1930, as amended by Public Law 612) and the other authorities cited above, we sustain the claim of the plaintiff that taxes and duties upon the missing merchandise were not lawfully assessed.

Judgment will be rendered accordingly.